UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GREGORIO BERAS

**Plaintiff**,

**ACTION UNDER the Fair Labor
Standards Act ("FLSA"), 29
U.S.C.§  216(b), and the New
York Labor Law**

**COMPLAINT**

-v.-

YESHIVAT SHAARE TORAH INC,

Defendants
-----------------------------------------------------------X

Plaintiff GREGORIO BERAS, by and through his attorneys, STILLMAN LEGAL

PC., brings this Action on behalf of himself pursuant to the Fair Labor Standards Act

("FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Law ("NYLL") § 650 et seq., as

amended by the Wage Theft Prevention Act ("WTPA"), NYLL § 195(3) and§  191, and

related provisions from Title 12 of the New York Codes, Rules, and Regulations

("NYCRR"), and alleges upon information and belief, as follows:

## NATURE OF THE ACTION

1. This Complaint seeks to recover, inter alia, unpaid minimum and overtime

wage compensation for Plaintiff, a former employee of Defendants YESHIVAT SHAARE

TORAH INC (a New York corporation with offices at 1680 Coney Island Avenue,

Brooklyn, NY 11230). Plaintiff was hired by Defendant on or about August 15, 2021, and

his employment ended on or about December 31, 2025. Defendant not only set his work

schedule, providing a detailed weekly timetable, but also consistently issued daily

orders and instructions regarding his duties. Defendant maintained complete operational control over all aspects of Plaintiff's employment, including but not limited to determining work hours, assigning tasks, supervising performance, and exercising disciplinary authority. These orders ranged from specific tasks related to food service operations to customer service instructions. Defendant also exercised disciplinary authority over the Plaintiff, including issuing warnings, reprimands, and implementing other disciplinary measures as deemed necessary by the corporate defendant. The Plaintiff alleges that Defendant knowingly and willfully failed to pay the required overtime wages in violation of the FLSA, 29 U.S.C.  207, and NYLL Article 6,  650 et seq. Plaintiff was employed as a non-exempt hourly employee working as a cook and custodian at YESHIVAT SHAARE TORAH INC. Throughout his employment, Plaintiff worked a regular schedule consisting of: Mondays beginning at approximately 7:00 or 7:30 a.m. with no fixed end time, typically working until approximately 7:00 p.m.; Fridays working only until midday; Saturdays off; and Sundays working from approximately 11:00 a.m. until 3:00 p.m. After accounting for a one-hour unpaid break, Plaintiff consistently worked between 54 and 57 hours per week, substantially exceeding forty (40) hours per week throughout the relevant damages period from July 17, 2024 through December 31, 2025.

2. At all times relevant hereto, Defendant was required, under relevant New York State law, to pay Plaintiff overtime compensation at one and one-half times his regular rate for all hours worked in excess of forty (40) per week. From on or about August 15, 2021, through on or about December 31, 2025, Plaintiff was paid an hourly wage as follows: $15.00 per hour from August 15, 2021 through December 31, 2023; $16.00 per hour from January 1, 2024 through December 31, 2025. During the relevant damages period from July 17, 2024 through December 31, 2025, Defendants paid Plaintiff $16.00

per hour for approximately 50-57 hours per week without any overtime premiums for hours worked in excess of forty (40) hours per week. Defendants failed to pay overtime premium for hours worked in excess of forty (40) hours per week at one and one-half times the regular rate of $15.00 per hour (later $16.00 per hour). Furthermore, Defendants paid Plaintiff irregularly, often combining wages for multiple weeks, and in some instances, Plaintiff was required to wait two to three pay periods before receiving payment for hours already worked, causing additional financial hardship and uncertainty. These irregular payment practices constitute a separate violation of NYLL 191, which requires weekly payment of wages for manual workers, and entitle Plaintiff to additional statutory penalties and liquidated damages under NYLL 198(1-a).

3. At all times relevant hereto, Defendant was required, under relevant New York State law, to compensate Plaintiff with overtime pay at one and one-half the regular rate for work in excess of forty (40) hours per work week.

4. However, despite such mandatory pay obligations, Defendants paid Plaintiff an hourly wage of $15.00 per hour from August 15, 2021 through December 31, 2023, then increased to $16.00 per hour on January 1, 2024, but failed to pay Plaintiff his lawful overtime pay at one and one-half times his regular hourly rate for work in excess of 40 hours per week for the period from July 17, 2024 through December 31, 2025. During this period, Plaintiff regularly worked in excess of forty (40) hours per workweek, consistently working between fifty-four (54) and fifty-seven (57) hours per week after accounting for a one-hour unpaid break. Plaintiff's regular work schedule resulted in Plaintiff consistently exceeding forty (40) hours per week throughout the relevant damages period from July 17, 2024, through December 31, 2025. Plaintiff worked a regular schedule consisting of: Mondays beginning at approximately 7:00 or 7:30 a.m. until approximately 7:00 p.m.; Fridays working only until midday; Saturdays off; and

Sundays working from approximately 11:00 a.m. until 3:00 p.m., resulting in between 54 and 57 hours per week after accounting for a one-hour unpaid break. Defendant regularly exercised its authority to require the Plaintiff to work additional hours beyond his scheduled work hours without providing the requisite overtime compensation. Defendant had actual knowledge that Plaintiff was working in excess of forty hours per week, as evidenced by Defendant's direct supervision of Plaintiff's work, Defendant's control over Plaintiff's schedule, and Defendant's processing of payroll showing hours worked. This included instances during the relevant damages period from July 17, 2024 through December 31, 2025 where the Plaintiff was required to work in excess of forty (40) hours per week, including weeks where he worked fifty-seven (57) hours or fifty-four (54) hours, without receiving appropriate overtime pay.

5. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff to work without providing the overtime compensation required by federal and state law and regulations. Upon information and belief, Defendants' conduct extended to other similarly situated employees.

6. Plaintiff brings this action under the Wage Theft Prevention Act for Defendants' intentional and willful failure to provide written notice of wage rates in violation of said laws, resulting in substantial injury in fact. This injury includes quantifiable financial loss in the amount of unpaid overtime wages (the specific amount to be determined through discovery and calculation based on actual hours worked), inability to verify proper payment, inability to plan financially, inability to challenge wage violations in a timely manner, loss of use of money that should have been paid, and emotional distress resulting from the uncertainty and financial instability caused by Defendants' failure to provide written notice of wage rates as required by law. Additionally, Plaintiff is entitled to statutory damages of $50 per workweek for each week of violation up to a maximum

of $5,000 pursuant to NYLL  198(1-b). Plaintiff is also entitled to recover civil penalties of $50 per workday for each day of violation up to a maximum of $5,000 pursuant to NYLL  198(1-d) as an aggrieved employee under Labor Law  198(1-d). This failure was a direct result of Defendant's willful and deliberate actions as Plaintiff's employer.

7. Accordingly, Plaintiff brings this Action on behalf of himself for federal and state claims relating to unpaid overtime wages, unpaid spread-of-hours wages, and failure to maintain records pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., NYLL § 650 et seq., as amended by the WTPA, NYLL § 195(3), and related provisions in Title 12 of the NYCRR.

8. In connection therewith, Plaintiff seeks compensatory damages for all unpaid overtime wages and spread of hours pay; liquidated damages equal to 100% of unpaid wages under both FLSA 29 U.S.C.  216(b) and NYLL  198(1-a); statutory damages of $50 per workweek up to $5,000 under NYLL  198(1-b) for failure to provide wage notices; civil penalties of $50 per workday up to $5,000 under NYLL  198(1-d) recoverable by Plaintiff as an aggrieved employee; statutory damages of $250 per violation (or $50 per workweek if greater) up to $5,000 under NYLL  195(1) for wage statement violations; pre-judgment interest at the statutory rate pursuant to CPLR 5004; post-judgment interest at the statutory rate pursuant to CPLR  5004; and reasonable attorneys' fees, costs, and disbursements pursuant to FLSA 29 U.S.C. 216(b) and NYLL  198(1-a) and 663.

9. Plaintiff brings this action on behalf of himself individually pursuant to 29 U.S.C.§  216(b). Plaintiff also brings this action as a collective action pursuant to 29 U.S.C.  216(b) on behalf of himself and all similarly situated current and former employees who worked for Defendants at any time during the applicable limitations period and were subjected to the same unlawful pay practices, including but not limited

to failure to pay overtime wages for hours worked in excess of forty per week. Plaintiff will move for conditional certification of the collective action and court-authorized notice to potential opt-in plaintiffs at the appropriate time following the filing of this complaint. Plaintiff will move for conditional certification of the collective action at the appropriate time and reserves the right to amend the collective action definition as discovery proceeds.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action under 28 U.S.C. § 1331 and 29 U.S.C.  216(b) and  217.

11. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction pursuant to 28 U.S.C. § 1367.

12. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

13. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant resides in this District, Plaintiff resides in this District, and all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

**Plaintiff**

14. Plaintiff GREGORIO BERAS is and was at all times relevant hereto an individual residing in New York.

15. Plaintiff GREGORIO BERAS was employed as a full-time employee by Defendant primarily to cook and clean classrooms. His period of employment spanned from on or about August 15, 2021, until on or about December 31, 2025. During this

period, his primary work duties were as a cook. He worked at YESHIVAT SHAARE

TORAH INC's facilities.

16. At all times relevant hereto, Plaintiff GREGORIO BERAS was a covered

employee within the meaning of the FLSA and the NYLL.

17. Plaintiff consents to being named as a party herein, pursuant to 29 U.S.C. §

216(b), and brings these claims based upon the allegations herein as a representative

party of a prospective collective action of similarly situated individuals under 29 U.S.C. §

216(b).

**Defendants**

18. Defendant YESHIVAT SHAARE TORAH INC is, upon information and belief,

a duly organized New York corporation with its principal place of business located at

1680 Coney Island Ave, Brooklyn, NY 11230.

Upon information and belief, and at all times relevant to the claims herein,

Defendant YESHIVAT SHAARE TORAH INC, through its officers, agents, and

representatives, possessed operational control and controlled significant functions,

including: (i) hiring Plaintiff, setting his wages and compensation; (iii) regularly

supervising Plaintiff's work; (iv) establishing Plaintiff's work schedules and workload,

giving him daily orders and instructions; (v) maintaining and personally reviewing

employee records; (vi) paying Plaintiff weekly wages; (vii) having the authority to and in

fact disciplining Plaintiff during the course of his employment; and (viii) ultimately

terminating Plaintiff's employment.

19. Defendant acted intentionally and maliciously and is an employer pursuant to

the FLSA, 29 U.S.C.  203(d), and regulations promulgated thereunder, 29 C.F.R.

§791.2.

## COMMON FACTUAL ALLEGATIONS
## DEFENDANTS CONSTITUTE JOINT EMPLOYERS

20. Defendants owned and operated YESHIVAT SHAARE TORAH INC, a corporate entity operating a Yeshiva with food service operations in Brooklyn, New York. At all relevant times, Defendants YESHIVAT SHAARE TORAH INC possessed operational control over the Defendant Corporations, possessed an ownership interest in the Defendant Corporations, and/or controlled significant functions of Defendant Corporations.

21. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff GREGORIO BERAS and the other class member employees by engaging in a pattern and/or policy of violating the FLSA. This pattern and/or policy includes, inter alia, the following:

    a.  systematically and willfully failing to pay employees, including Plaintiff GREGORIO BERAS, overtime compensation at one and one-half times the regular rate for all hours worked in excess of forty (40) hours per week, despite having actual knowledge that such employees regularly worked in excess of forty (40) hours per week, thus causing substantial financial harm, severe emotional distress, and concrete injury in fact;

        willfully failing to keep accurate records of hours worked by employees, including Plaintiff GREGORIO BERAS, as required by the FLSA and NYLL, thus causing financial harm, distress, and injury in fact due to inaccuracies in wage calculation.

    failing to provide statutorily required wage and hour records or statements of pay received on multiple specific occasions (specific dates will be provided during discovery) as required by the FLSA, the NYLL, and the WTPA. This willful violation, in part to hide Defendants' violations of the wage and hour laws, and to systematically take advantage of Plaintiff and other similarly situated employees' relative lack of knowledge of wage and hour laws, has caused a substantial injury in fact to the Plaintiff. This includes, but is not limited to, financial loss due to underpayment, emotional distress from the uncertainty and lack of transparency, and confusion caused by this breach of law; This willful violation has caused substantial injury in fact to the

Plaintiff, including but not limited to financial loss due to underpayment, emotional distress from the uncertainty and lack of transparency, and confusion caused by this breach of law; and

22. Defendants have knowingly and willfully engaged in their unlawful conduct pursuant to a deliberate corporate policy and systematic scheme of minimizing labor costs and denying employees lawfully earned compensation, which policy was personally implemented and enforced by Defendant with full knowledge of its illegality. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant financial damage, emotional distress, and other consequential damages to Plaintiff GREGORIO BERAS and the other class members. This includes unpaid wages, lack of overtime compensation, stress, anxiety, and other tangible and intangible harms arising from financial instability and Defendants' intentional violation of labor laws.

23. Defendant YESHIVAT SHAARE TORAH INC acted as Plaintiff's employer, determined the rate and method of employee compensation, and controlled Plaintiff's employment.

24. At all times during the Plaintiff's employment, Defendant YESHIVAT SHAARE TORAH INC maintained significant control over the working conditions of Plaintiff and other similarly situated employees.

25. Defendant YESHIVAT SHAARE TORAH INC employed Plaintiff and all similarly situated individuals and is Plaintiff's and all similarly situated individuals' employer within the meaning of 29 U.S.C.  201 et seq. and the NYLL.

26. Defendant YESHIVAT SHAARE TORAH INC is the employer of Plaintiff and similarly situated individuals.

27. At all times relevant hereto, Defendant YESHIVAT SHAARE TORAH INC was Plaintiff's employer within the meaning of the FLSA, NYLL, and other applicable laws. These Defendants were directly involved in the hiring process of the Plaintiff, conducting interviews and making the final decision to employ the Plaintiff. Such Defendants had the authority and power to hire and fire Plaintiff, as evidenced by the hiring process where the Defendants interviewed and selected the Plaintiff for the position. The Defendants also controlled the terms and conditions of the Plaintiff's employment, including work assignments and hours, as shown by the daily work schedules set by the Defendants and the specific tasks assigned to the Plaintiff. Furthermore, the Defendants determined the rate and method of compensation in exchange for the Plaintiff's services, as demonstrated by the Defendants' decisions on the Plaintiff's salary and method of payment. Indeed, Defendants supervised Plaintiff's work schedule and conditions of his employment.

28. Defendants willfully and deliberately failed to maintain any accurate records of the hours worked by Plaintiff as required by 29 U.S.C. 211(c) and 29 C.F.R. 516.2, and NYLL 195, despite being fully aware of their legal obligation to do so, and did so intentionally to conceal their violations of wage and hour laws and to prevent Plaintiff from accurately calculating and claiming owed wages. This deficient recordkeeping has resulted in a substantial injury in fact to the Plaintiff, including financial loss and emotional distress due to the lack of transparency and certainty regarding his wages.

**Plaintiff**

29. Plaintiff GREGORIO BERAS worked from approximately August 15, 2021 until December 31, 2025, with the relevant damages period for this action being from July 17, 2024, until December 31, 2025. Defendant employed plaintiff at its Yeshiva

facilities located at 1680 Coney Island Ave Brooklyn, NY 11230. Plaintiff's duties primarily included cooking and food preparation, as well as dishwashing and cleaning.

30. Plaintiff GREGORIO BERAS was a covered employee within the meaning of the FLSA and the NYLL and was not exempt thereunder as his employment position and assignments were not "professional," "executive" or "administrative" and did not require the exercise of discretion and independent judgment with respect to matters of significance. Plaintiff GREGORIO BERAS's work consisted primarily of manual tasks.

31. Plaintiff GREGORIO BERAS regularly handled goods in interstate commerce and other items produced outside of the State of New York.

32. Plaintiff worked without appropriate overtime wages from the beginning of his employment in or about August 15, 2021, until its termination on or about December 31, 2025, though this action seeks damages only for the period from July 17, 2024 through December 31, 2025 based on applicable statute of limitations, a violation which was done willfully and intentionally by Defendant.

33. Defendants willfully and deliberately never gave Plaintiff GREGORIO BERAS any notification whatsoever, including posted notices outlining wage rates and overtime compensation rules, as required under the FLSA and NYLL 195, despite being fully aware of this legal requirement, and did so intentionally to keep Plaintiff ignorant of his rights and to facilitate their scheme of wage theft.

34. Defendants willfully and systematically failed to provide Plaintiff GREGORIO BERAS with an accurate statement of wages with each payment of wages, as required by NYLL 195(3). While Defendants did provide wage statements every two weeks, these statements failed to include overtime rates as required by law, and failed to accurately reflect all hours worked in excess of forty hours per week. This deliberate failure caused substantial and concrete injury in fact to the Plaintiff as it prevented his

ability to accurately determine his owed wages, verify proper payment, or challenge wage violations, leading to quantifiable financial losses, emotional distress and anxiety, and other associated damages including inability to properly budget or plan financially. The injury was further exacerbated by Defendants' practice of paying Plaintiff irregularly and inconsistently, thereby compounding the financial instability and uncertainty caused by the inaccurate wage statements.

35. Defendants failed to provide Plaintiff GREGORIO BERAS with written notice of his rate of pay, the employer's regular payday, and such other information as required by NYLL §195(1). This willful failure to provide notice has caused Plaintiff substantial injury in fact, as he was unable to fully understand and assert his rights under the law, leading to financial losses, emotional distress, and other associated damages.

**Defendants' General Employment Practices**

36. As part of their regular business practices, Defendants willfully required Plaintiff GREGORIO BERAS to work beyond forty (40) hours per week without paying him the proper overtime wages as required by federal and state laws. Plaintiff's regular work schedule consisted of: Mondays, beginning at approximately 7:00 or 7:30 a.m. with no fixed end time and typically working until approximately 7:00 p.m.; Fridays, working only until midday; Saturdays, off; and Sundays, working from approximately 11:00 a.m. until 3:00 p.m. After accounting for a one-hour unpaid break, this schedule resulted in Plaintiff consistently working between 54 and 57 hours per week. From on or about July 17, 2024 through December 31, 2025, Defendants required Plaintiff to work these excessive hours without providing the requisite overtime compensation. Additionally, Defendants paid Plaintiff irregularly, often combining wages for multiple weeks, and in some instances, Plaintiff was required to wait two to three pay periods before receiving payment for hours already worked.

37. By such common policy and practice, Defendants violated Plaintiff's rights under the FLSA and New York Labor Law by not paying him the wages he was owed for the hours he had worked.

38. Defendants willfully failed to post the statutorily required wage and hour posters and did not provide Plaintiff GREGORIO BERAS with statutorily required wage and hour records or statements of pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff's relative lack of sophistication in wage and hour laws.

39. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff worked, and in order to avoid paying Plaintiff properly for his actual hours worked and the required overtime wages.

40. The NYLL and Wage Theft Prevention Act require employers to provide all employees with written notice of wage rates at the time of hiring. Failure to comply with this requirement constitutes a violation of NYLL 195(1). In this case, Defendants' willful failure to provide this written notice has led to substantial injury to Plaintiff GREGORIO BERAS, including financial loss due to unpaid wages, emotional distress from the uncertainty of wage rates, and confusion caused by this lack of transparency.

41. Throughout the relevant time period, Defendants paid Plaintiff GREGORIO BERAS wages while providing wage statements every two weeks that were inaccurate and failed to comply with the requirements of NYLL  195(1) and  195(3), specifically failing to account for overtime rates and overtime hours worked in excess of forty hours per week. This willful failure to provide the required wage statement and annual pay notices constitutes an injury in fact under the Wage Theft Prevention Act, has caused Plaintiff GREGORIO BERAS substantial financial harm, emotional distress, and other consequential damages, exacerbating the injuries in fact, and is a substantial violation

of Plaintiff's rights.

42. Defendants did not provide Plaintiff GREGORIO BERAS with <u>accurate</u> accompanying wage statements at the time of payment of wages, which were provided bi-weekly. These inaccuracies include, but are not limited to: discrepancies in the number of regular and overtime hours worked according to Plaintiff's personal records, as Plaintiff consistently worked between 54 and 57 hours per week after accounting for a one-hour unpaid break; omission of the correct regular and overtime rates of pay, as the statements failed to account for or separately identify overtime hours worked in excess of forty hours per week and the premium rate of one and one-half times the regular rate for such hours; miscalculations in gross wages; lack of transparency regarding deductions and allowances; inconsistencies in the stated rate or rates of pay and basis thereof; and failure to accurately reflect the timing of payments, as Defendants paid Plaintiff irregularly, often combining wages for multiple weeks, and in some instances required Plaintiff to wait two to three pay periods before receiving payment for hours already worked. Such discrepancies have a tangible impact on the Plaintiff's ability to accurately calculate his owed wages and assert his rights. This willful failure to provide accurate wage statements is a violation of NYLL  195(3) and has caused Plaintiff to suffer financial harm, endure emotional distress, and other tangible injuries as he was unable to fully understand and assert his rights regarding his wages.

### <u>FIRST CAUSE OF ACTION</u>
**(Violation of FLSA Minimum and Overtime Wage Provisions (29 U.S.C. § 206, 207) and Recordkeeping Provisions (29 U.S.C. § 211))**

43. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

44. At all times relevant to this action, Defendants were Plaintiff's employers as defined by the Fair Labor Standards Act, 29 USC § 203(d). In Plaintiff's work as a cook,

In Plaintiff's work as a cook, Defendants controlled his work schedule, assigned daily cooking and food preparation tasks to Plaintiff, provided specific instructions on how to perform them, and exercised direct supervision. This level of control and involvement by the Defendants establishes a clear employer-employee relationship.

45. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce, and as such constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 USC § 203 (r-s).

46. Defendants did not pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C.§ 207(a)(1).

47. Defendants' failure to pay Plaintiff GREGORIO BERAS the applicable minimum and overtime wage was willful within the meaning of 29 U.S.C.§ 255(a).

48. Defendants willfully failed to satisfy the FLSA's recordkeeping requirements under 29 U.S.C. 211(c) and 29 C.F.R. 516.

49. Defendants acted willfully in their violations of the FLSA's requirements, causing harm to Plaintiff GREGORIO BERAS.

50. Plaintiff seeks damages for his unpaid lawful minimum and overtime wages, liquidated damages as provided by the FLSA for wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper. Plaintiff, a cook who worked extensive hours in Defendants' facilities, seeks unpaid overtime premium wages in an amount to be determined through discovery based on actual hours worked in excess of forty hours per week during the period from August 15, 2021 through December 31, 2025, liquidated damages in an equal amount pursuant to 29 U.S.C. 216(b), prejudgment interest at the maximum statutory rate from the date each wage payment became due, post-judgment interest, and reasonable attorneys' fees and costs pursuant to

29 U.S.C.  216(b).

## SECOND CAUSE OF ACTION
### (Unpaid Minimum and Overtime Wages Under New York Labor Law)

51. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

52. Defendants, jointly and severally, willfully violated N.Y. Lab. Law § 190 *et seq*. and 12 NYCRR Part 142 by systematically failing to pay Plaintiff lawfully required minimum wages and overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

53. Defendants' failure to pay Plaintiff minimum and overtime wages was willful within the meaning of N.Y. Lab. Law § 198(1-a), as evidenced by: (a) their knowing disregard of clearly established legal requirements under the N.Y. Lab. Law; (b) their maintenance of records demonstrating Plaintiff's actual hours worked; (c) their systematic pattern of underpayment of overtime premiums throughout the entire employment period from on or about August 15, 2021 through on or about December 31, 2025, during which Plaintiff consistently worked between 54 and 57 hours per week but was paid only at his regular hourly rate without any overtime premiums; (d) their failure to take any corrective action despite being on notice of potential violations; (e) their irregular payment practices whereby Plaintiff was often required to wait two to three pay periods before receiving payment for hours already worked, demonstrating deliberate manipulation of wage payment timing; and (f) their failure to provide required wage notices as mandated by N.Y. Lab. Law  195(1), and their failure to provide accurate wage statements reflecting overtime rates as mandated by N.Y. Lab. Law  195(3), which demonstrates a pattern of deliberate non-compliance with wage and hour laws.

54. Due to Defendants' willful violations of the N.Y. Lab. Law, Plaintiff is entitled to

recover from Defendants, jointly and severally, his unpaid overtime wages, liquidated damages equal to 100% of all unpaid wages as provided for by N.Y. Lab. Law  198(1-a), reasonable attorneys' fees pursuant to N.Y. Lab. Law  198(1-a), all costs of suit, prejudgment interest at the rate of nine percent (9%) per annum pursuant to N.Y. C.P.L.R. 5004 calculated from the date each wage payment became due through the date of judgment, post-judgment interest at the rate prescribed by N.Y. C.P.L.R.  5004, and such other relief as the Court deems just and proper including but not limited to injunctive relief and any additional statutory penalties available under N.Y. Lab. Law Article 6.

### THIRD CAUSE OF ACTION
### (Failure to Provide Notice at Time of Hiring Under New York Labor Law)

55. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

56. Defendants failed to provide Plaintiff at the time of hiring on or about August 15, 2021, as required by N.Y. Lab. Law  195(1)(a), a notice containing: (a) the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; (b) allowances, if any, claimed as part of the minimum wage; (c) the regular payday designated by the employer; (d) the name of the employer; (e) any "doing business as" names used by the employer; (f) the physical address of the employer's main office or principal place of business, and a mailing address if different; (g) the telephone number of the employer; and (h) all other information required by N.Y. Lab. Law  195(1)(a) and 12 NYCRR  142-2.1. As a result of this violation, Plaintiff suffered concrete injury including: (1) inability to verify at the time of hiring whether the compensation structure would properly account for overtime premiums at one and one-half times his regular rate for the overtime hours he would regularly work each week, which contributed to his acceptance of an employment arrangement that resulted in

unpaid overtime premiums over the course of his employment; (2) inability to timely identify and assert his rights under the N.Y. Lab. Law regarding overtime compensation from the outset of employment, causing delay in seeking legal remedies; (3) direct financial losses due to underpayment of overtime wages that were more difficult to detect without proper initial notice of pay rates and structure; and (4) time and expense in attempting to determine his proper overtime compensation, including the need to retain legal counsel and reconstruct wage records to establish what should have been clearly communicated at hiring.

57. Due to Defendants' willful violations of NYLL § 195(1), which caused concrete injury to Plaintiff as detailed above, Plaintiff is entitled to recover from Defendants, jointly and severally, statutory damages of Fifty Dollars ($50.00) per workday that the violation occurred or continued, up to a total of Five Thousand Dollars ($5,000.00) pursuant to NYLL § 198(1-b), together with reasonable attorneys' fees pursuant to NYLL  198(1-a), costs, prejudgment interest at nine percent (9%) per annum pursuant to CPLR  5004, post-judgment interest pursuant to CPLR  5004, and such other relief as may be appropriate.

**<u>FOURTH CAUSE OF ACTION</u>**
**(Failure to Provide Accurate Wage Statements Under New York Labor Law)**

58. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

59. Throughout Plaintiff's employment as a cook from on or about August 15, 2021 through on or about December 31, 2025, Defendants failed to provide Plaintiff with accurate wage statements reflecting proper overtime rates and calculations as required by NYLL 195(3).

60. Defendants provided Plaintiff with wage statements on an irregular basis

throughout his employment, often combining wages for multiple weeks and requiring Plaintiff to wait two to three pay periods before receiving payment for hours already worked, and these statements were inaccurate and incomplete in violation of NYLL 195(3). Specifically, the wage statements failed to properly reflect overtime hours worked and overtime premium rates owed. This failure is evident from the discrepancies between the wage statements provided to Plaintiff and the actual hours worked as recorded in the work logs maintained by Plaintiff. Throughout his employment, Plaintiff was paid at hourly rates of $15.00 per hour from on or about August 15, 2021 through December 31, 2023, $16.00 per hour throughout 2024, and $16.00 per hour in 2025, but was not paid proper overtime compensation at one and one-half times his regular rate for hours worked in excess of forty hours per week. Plaintiff, in his capacity as a cook, regularly worked approximately 54 to 57 hours per week, including hours in excess of 40 hours per week that should have been compensated at the overtime rate. Plaintiff's typical work schedule was as follows: Mondays, Plaintiff began work at approximately 7:00 or 7:30 a.m. with no fixed end time, typically working until approximately 7:00 p.m.; Fridays, Plaintiff worked only until midday; Saturdays, Plaintiff did not work; and Sundays, Plaintiff worked from approximately 11:00 a.m. until 3:00 p.m. Based on the hours actually worked and the minimum wage hourly rates of $15.00 (August 2021-December 2023) and $16.00 (January 2024-December 2025), Plaintiff should have been paid his regular minimum wage hourly rate for the first 40 hours and one and one-half times his regular rate for overtime hours, but instead received only his regular minimum wage hourly rate for all hours worked, resulting in unpaid overtime compensation. Plaintiff, working as a cook, was required to work at various locations including the defendants' restaurant establishments, and was often required to work extended shifts including early morning hours typical of restaurant kitchen operations. The wage statements provided failed to

accurately reflect: (1) the correct rate or rates of pay, specifically failing to show the overtime premium rate of one and one-half times the regular rate for hours worked in excess of forty per week; (2) accurate gross wages that would reflect overtime premiums; (3) the proper breakdown between regular hours and overtime hours worked; and (4) accurate net wages reflecting proper overtime compensation, as required by NYLL 195(3) and 12 NYCRR  142-2.2. While the statements may have included basic identifying information, they fundamentally misrepresented Plaintiff's compensation by treating all hours as regular-rate hours rather than properly accounting for overtime premiums. The inaccurate wage statements, which failed to distinguish between regular and overtime hours or reflect overtime premium rates, made it extremely difficult for Plaintiff to ascertain his rightfully earned overtime wages, causing him concrete harm, including but not limited to: (1) direct financial losses in unpaid overtime premium wages that could not be accurately calculated or challenged due to inadequate wage statements; (2) inability to timely and fully understand and assert his rights regarding his wages, resulting in delayed legal action; (3) lost opportunity to seek timely legal redress or alternative employment due to inability to verify underpayment; (4) damage to creditworthiness and financial stability resulting from reduced income, which was further exacerbated by Defendants' irregular payment practices whereby Plaintiff was often required to wait two to three pay periods before receiving payment for hours already worked; and (5) time and resources expended attempting to reconstruct wage records and determine proper compensation, including attorney consultation fees, in violation of NYLL § 195(3).

61. Due to Defendants' willful violations of NYLL  195(3), which caused concrete injury to Plaintiff as detailed above, Plaintiff is entitled to recover from Defendants, jointly and severally, statutory damages of Two Hundred Fifty Dollars ($250.00) per workday that

the violation occurred or continued, for a total of up to Five Thousand Dollars ($5,000.00) pursuant to NYLL 198(1-d), together with reasonable attorneys' fees pursuant to NYLL 198(1-a), costs, pre-judgment interest at the statutory rate from the date of each violation, post-judgment interest, and such other relief as the Court deems appropriate.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff GREGORIO BERAS, a cook employed by Defendants, respectfully requests that this Court enter judgment against Defendants, YESHIVAT SHAARE TORAH INC and all other defendants named herein, jointly and severally, as follows:

a.    Conditional certification of this action as a collective action on behalf of all similarly situated employees who worked as cooks or in similar positions for Defendants during the period from August 15, 2018 through the present and were denied proper overtime compensation, and prompt issuance of a notice pursuant to 29 U.S.C. § 216(b) to all such similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b);

b.    Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiff;

c.    Declaring that Defendants have willfully violated the minimum and overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

d.    Awarding Plaintiff liquidated damages in an amount equal to

100% of the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C.§ 216(b);

e.    Awarding Plaintiff c o m p e n s a t o r y damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

f.    Declaring that Defendants have willfully violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

g.    Awarding Plaintiff compensatory damages for the amount of unpaid overtime wages, damages for any improper deductions or credits taken against wages under NYLL as applicable;

h.    Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of unpaid overtime wage compensation shown to be owed pursuant to NYLL § 198(1-a) as applicable;

i.    Awarding Plaintiff prejudgment interest at the maximum rate permitted by law on all unpaid wages and statutory damages from the dates such amounts were due through the date of judgment, and post-judgment interest as allowed by law;

j.    Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 29 U.S.C. 216(b) and NYLL 198(1-a); and

k.    All such other and further relief as the Court deems just and

proper.

l.     An award of statutory damages of up to $5,000.00 pursuant to NYLL  195(1) for Defendants' willful failure to provide Plaintiff with a compliant wage notice at the time of his hiring, which failure caused substantial injury in fact to Plaintiff;

m.    An award of statutory damages of up to $5,000.00 pursuant to NYLL  195(3) for Defendants' willful failure to maintain and furnish accurate payroll records and wage statements, which failure caused injury in fact to Plaintiff;

n.     An award of prejudgment interest at the maximum rate permitted by law on all unpaid wages and statutory damages from the dates such amounts were due through the date of judgment pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

o.     An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

p.     An award of unpaid overtime wages in the amount to be determined at trial, for Defendants' failure to pay lawful overtime compensation at one and one-half times the regular rate of pay for all hours worked in excess of forty hours per week during the period August 15, 2021 through December 31, 2025, during which Plaintiff was paid at rates of $15.00 per hour (August 15, 2021 through December 31, 2023) and $16.00 per hour (January 1, 2024 through December 31, 2025) for all hours worked without overtime premiums, all without overtime premiums, and during which Defendants engaged in irregular payment practices often requiring Plaintiff to wait two to three pay periods before

receiving wages for hours already worked, in violation of the New York Labor Law and the Fair Labor Standards Act; an award of statutory damages pursuant to NYLL 195(1) and 195(3) in the amount of up to $10,000.00 for Defendants' willful failure to provide required wage notices at the time of hire and to provide accurate wage statements reflecting overtime rates, which failures caused concrete injury to Plaintiff as detailed in the Third and Fourth Causes of Action; an award of prejudgment interest on all unpaid wages and statutory damages from the dates such wages were due through the date of judgment at the rate of nine percent (9%) per annum as provided by CPLR 5004; and an award of post-judgment interest as allowed by law; an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. 216(b), NYLL 198(1-a), and NYLL 663(1); declaratory relief that Defendants' practices violated the Fair Labor Standards Act, 29 U.S.C. 201 et seq., and the New York Labor Law, NYLL Article 6 and Article 19; and such other and further relief as this Court deems just and proper.

Dated: New York, New York
      January 26, 2026

           Lina Stillman, Esq.

           Lina Stillman, Esq.
           Attorneys for Plaintiff
           Stillman Legal, P.C.
           42 Broadway, 12th Floor
           New York, New York 10004
           Tel: (212) 832-1000
           www.StillmanLegalPC.com